UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-03544-SVW (SK)                    Date: May 15, 2026

Title      Calvin Furness Webb v. Andre Green


Present:  The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE**

Petitioner is a California state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 challenging the state court's denial to resentence his 2016 convictions for second-degree robbery and assault with a firearm.  (ECF 1 at 2).  Because his petition only challenges state law, petitioner was ordered to show cause why the petition should not be summarily dismissed for failure to state a cognizable federal habeas claim.  (ECF 6).  Petitioner timely responded, claiming federal habeas review is appropriate because the decision to deny his resentencing request was so "irrational, unreasonable, arbitrary and capricious" as to constitute "an independent due process or eighth amendment violation."  (ECF 7).

But for the reasons explained in the show cause order, petitioner is not entitled to federal habeas relief.  Whether the California state courts correctly applied resentencing laws is a paradigmatic issue of state law not suitable for federal habeas review.  *See Souch v. Schiavo*, 289 F.3d 616, 623 (9th Cir. 2002); *Cummings v. CDCR*, 2022 WL 1063754, at *3 (C.D. Cal. Apr. 5, 2022) (collecting cases explaining "claims alleging entitlement to resentencing under various amendments to the California Penal Code are not cognizable").  Petitioner cannot avoid this outcome by alleging in a conclusory fashion that the decision constituted a due process violation.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (State inmates cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."); *Little v. Crawford*, 449

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-03544-SVW (SK)                    Date: May 15, 2026

Title      Calvin Furness Webb v. Andre Green


F.3d 1075, 1083 n.6 (9th Cir. 2006) (explaining courts "cannot treat a mere error of state law, if one occurred, as a denial of due process").

Besides, a California criminal defendant is not entitled to file a request for resentencing and even if they do, "the court is not required to respond."  Penal Code § 1172.1(c); *People v. Brinson*, 112 Cal. App. 5th. 1040, 1048 (2025).  Thus, the denial of a § 1172.1 resentencing request is not an appealable order.  *People v. Faustinos*, 109 Cal. App. 5th 687, 695–96 (2025); *People v. Roy*, 110 Cal. App. 5th 991, 998 (2025).  Because petitioner was not entitled to relief under § 1172.1, the failure to grant him such relief was not "arbitrary and capricious" and it did not deny him of due process.  *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1098 (C.D. Cal. 2020).

Even if petitioner's conclusory allegations were sufficient to transform his claim into a cognizable one, the petition is flawed by its untimeliness.  Petitioner had one year from the date his conviction became final in July 2016 to seek federal habeas review.  *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a).  The state court's decision to deny petitioner's request for resentencing "did not disturb" his original conviction.  *Cole*, 480 F. Supp. 3d at 1096; *but cf. Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (explaining denial of a resentencing petition under Penal Code § 1170.126 created a new judgment because it was an appealable order).  As a result, the petition is facially untimely because it was filed nearly 9 years after the one-year statute of limitations expired in July 2017.  And because petitioner filed no state habeas petitions, no statutory tolling possibly accrued.  *See* 28 U.S.C. § 2244(d)(2).  So absent equitable tolling, which is petitioner's burden to establish, his petition remains facially untimely.  *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

For these reasons, petitioner is ordered to show cause why his § 2254 petition should not be dismissed for failure to state a cognizable federal habeas claim and untimeliness.  To satisfy this show-cause order, petitioner may voluntarily dismiss the entire action by **June 5, 2026** using the attached Form CV-09y.  Failure to respond to this order, however, may lead to involuntary dismissal for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.